### DAVIS V. STEWART, ADM'R.

Much discretion is left to the probate judge in refusing to confirm a sale. If he should believe that the sale was not fair, or that it was not made in conformity with law, it would be his duty to set it aside. He is not required to place upon record the reasons by which he is governed either in confirming or rejecting a sale.

A purchaser at a probate sale is aware that he is purchasing subject to the confirmation or rejection of the sale by the probate judge, and is not entitled to notice before the rejection of the sale. (Note 46.)

The probate judge has no power to revoke a title which has been made in pursuance of a sale which has been confirmed at a former term. (Note 47.)

Where a purchaser at a probate sale, believes himself injured by the rejection of the sale by the probate judge, his remedy is by appeal to the District Court. (Note 48.)

If the court in which suit is instituted have no jurisdiction, an appeal by the plaintiff cannot be entertained, although the court to which the appeal is taken have original jurisdiction of the question.

Appeal from Gonzales. The executor of Clements applied to the court, under the statute of 1846, for an order of sale of a part of the real estate of his testator for the purpose of paying debts acknowledged. The application resulted in an order, on the 1st of June, 1848, granted by the Chief Justice of Gonzales county, for the sale, agreeably to the petition of the executor. The record does not show anything further of what was done under this order of sale until the September Term, 1848, of the Probate Court, when the death of the executor of Clements was suggested, and Stewart was appointed administrator of Clements with the will annexed. At the same term the administrator filed in court an account of the sale of the land, made by the executor, by which it appears that the sale had been made on the 4th July, 1848, at a credit of twelve months, and that Davis was the purchaser, and had given his note with security for the payment. The administrator asked the action of the court on the facts so by him shown, as his predecessor had died without making the return to the court. The Probate Court set aside the [224] sale, and ordered the clerk to return the note filed by Davis to him. At the same term Stewart, the administrator, asked for and obtained a renewal of the order of sale of the same and some other property which by his showing was necessary for the payment of debts. And at the November Term of the court the administrator returned an account of the sale of the same land that had been sold before, and that one Jones was the purchaser. This sale was approved by the probate judge, and the administrator ordered to execute a title deed to Jones, the purchaser, &c. At the April Term, 1849, Davis, the appellant in this court, who had bid off the land at the first sale, filed his petition in the Probate Court, setting up the fact of his having been the purchaser at the first sale; that the sale had been set aside without his having any notice; alleging fraud on the part of the administrator in procuring the setting aside the sale, and praying that he be cited to appear, and be required to make title to him for the land so purchased. This petition was heard by the probate judge at the June Term, 1849, and dismissed. An appeal was taken to the District Court, in which court the appeal was dismissed.

*Neill*, for appellant. It was the duty of the District Court to have heard and adjudicated the case and rendered judgment, and remand that judgment if necessary for observance. The whole record shows an oppression and hasty action, when affecting the rights of a purchaser at a fair sale and for a fair consideration, (as is proven by the confirming the subsequent sale,) without any notice to him or in any way endeavoring to account for that course; and the fact of a knowledge of the purchase by Davis, and his compliance with the terms of sale, is clearly admitted by Stewart.

*Philips*, for appellee. It was the duty of any party interested in the sale to notice the action of the court on the return of sale made in pursuance of law; and if the discretion of the judge in confirming the sale was a subject of revision at all, it was by appeal. (Acts 1848, p. 280, sec. 123.)

## Davis v. Stewart.

As to the purchaser, if he had an interest and was in contemplation of law a party to the decree vacating the sale, when the sale was set aside and the time for taking an appeal had expired, his remedy was gone. The court had *no jurisdiction* over the subject as an *original* suit in the form it was presented by the petition. (Acts 1843, p. 113, sec. 2.) It was therefore properly dismissed. And for the same reason it was dismissed on appeal to the District Court; and it occupies no better attitude in this court. The rule is "that if the court *a quo* had no jurisdiction, the appellate court has none. (Aulanier *v.* The Governor, 1 Tex. R., p. 653.)

LIPSCOMB, J. The proceedings for the sale of the land commenced under the act of 1846. That act expired by operation of the act of 1848 on the 1st of August, 1848, and the proceedings had subsequent to that time were under the last-mentioned act. By the 67th section of this act it is provided that when there has been an order of sale, it shall be the duty of the executor or administrator to make a return of the account of such sale. "Such account of sale shall be in writing, shall specify the property sold, the name of the purchaser, the price for which it was sold, and the terms of such sale, and shall be sworn to and subscribed by such administrator or executor before some officer authorized to administer oaths. Whenever such account of sale is returned, such return shall be noted on the minutes of the court; and at the term of the court at which it is returned, or if returned in vacation, at the first term thereafter, it shall be the duty of the chief justice to inquire into the manner in which such sale was made; and if satisfied it was fairly made, and in conformity with law, he shall cause to be entered on the minutes of the court a decree confirming it and ordering the account of sale to be recorded by the clerk, and a conveyance to be made to the purchaser of either land or slaves by the executor or administrator; **[226]** if not satisfied that such sale was so made, he shall cause to be entered in like manner a decree setting it aside and ordering a new sale to be made." (Acts of 1848, 257.) It will be seen that much discretion is left to the judge. If he should believe that the sale was not fair, or that it was not made in conformity with law, it would be his duty to set it aside and order it to be sold again. He is not required to place upon the record the reasons by which he is governed either in confirming or rejecting a sale. It may have been a sufficient objection, in the judgment of the probate judge, to a confirmation of the first sale that it had not been returned by the executor; that although death had probably prevented such return, it could not be known with certainty that the executor would have so returned the sale had he lived long enough. Under such circumstances it cannot be doubted, even if he could be called on to assign his reasons for setting aside the sale, the circumstances would fully justify the conclusion he had adopted. The purchaser could not be injured. When he bid for the land he was aware that he was purchasing subject to the confirmation or rejection of the sale by the probate judge; and if he wished to do so, he could be again a bidder at the second sale. If the decision of the judge on the question of confirmation is subject to revision at all, this is clearly not a case that would call for the interposition of a higher tribunal. It may be remarked that the act of 1846 reposed in the judge the same discretion as to confirming and rejecting a sale. (Acts of 1846, p. 315, sec. 17.) Again, the appellant made no opposition to the action of the probate judge until long after the second sale had been confirmed by the decree of the probate judge decreeing title to be made to the second purchaser. It was then beyond the power of the court to revoke such sale and the title.

The 122d section of the act referred to enacts: "That all decisions, orders, decrees, and judgments of the County Court under the provisions of this act shall be entered on the records of the court by the clerk at the time such de- **[227]** cision, order, decree, or judgment shall be made or rendered." And the next section enacts: "That any person who may consider himself aggrieved by any such decision, order, decree, or judgment shall have the right to appeal to the District Court of the county; provided he shall, within fifteen

days after such decision, order, decree, or judgment shall have been made or rendered, file with the clerk of said court a bond for costs and damages, with good and sufficient sureties, payable to the chief justice," &c. There was no appeal taken from the decree of the probate judge setting aside the first sale in conformity to this act. The opposition ought then to have been made; and if the party felt aggrieved by the decree, he could have appealed. It was not competent for the court, after having decreed title to Jones, the last purchaser, and after that decree had been executed, as we may reasonably infer it was, it not having been suspended by an appeal, to set aside the sale and revoke the title by a reversal of its own decree. There was then no error in dismissing the appellant's petition for the want of jurisdiction. This ground being well taken, it could not be gotten over by an appeal to the District Court; because if the court *a quo* has no jurisdiction, an appeal cannot be entertained, although the court to which the appeal had been taken may have original jurisdiction of the question. It does not seem that the appellant has any just grounds of complaint. If, however, he had merits, he has lost the opportunity of asserting them by not taking an appeal.

NOTE 46.—Bradbury *v.* Reed, 23 T., 260; Neill *v.* Cody, 26 T., 286; Littlefield *v.* Tinsley, 26 T., 353.

NOTE 47.—When the court makes an order to sell property, and at a subsequent term while the proceeding is still *in fieri* it is shown that the property does not belong to the estate, the order of sale should be revoked. (Wall *v.* Clark, 19 T., 321.)

NOTE 48.—Yerby *v.* Hill, 16 T., 377; Wells *v.* Mills, 22 T., 302; Hirshfield *v.* Davis, 43 T., 155.

